Lyon, special J.,
delivered the opinion of the court.
A motion having been made to dismiss the writ of error in this case, we have been under the necessity of looking into the record, so far as it was necessary to examine the grounds of the motion. A decree was pronounced against the respondent on the 7th June, 1849, in the Chancery Court at Tazewell, from which he prayed an appeal to the Supreme Court, and by the Chancellor one month was allowed him, within which to give bond and security for his appeal, or otherwise, to comply with the law. On the 18th June, the respondent appeared before the Clerk, and took an oath that he was unable by reason of his poverty to give security for his appeal, and thereupon, prosecuted it to this Court under the pauper law. At the last Term of this Court the appeal was dismissed on account of the insufficiency of the affidavit, and thereupon, he sued out a writ of error, and took, and subscribed, before the Clerk of this Court, the oath prescribed by the Act of 1821, ch. 22, sec. 2.
On the 8th June, 1850, one day over a year from the time the decree was pronounced below, the respondent filed with the Clerk his bond with security for the prosecution of his writ of error.
A motion is now made to dismiss the writ of error, on the ground, that it appears from the record of the Court, that the respondent was not a person entitled to the benefit of the Act for poor persons, and that the Clerk ought not to have issued the writ of error in this case without bond and security for costs. We do not think so. The duties prescribed by the Act of 1821, to the several Clerks of record in this State, are not judicial, but simply ministerial. If a party chooses to take and subscribe the oath required by that Act, the Clerks have no discretion to exercise in granting, or refusing, the writ for which he applies. If the oath is untrue *135 or tbe cause of action frivolous, or malicious, at the return term the opposite party may avail himself of it, and cause the suit, writ of error, or appeal, to be dismissed by the Court to which it is returned. This, and the criminal responsibility, which the party incurs by falsely taking the pauper oath, is deemed by the Legislature a sufficient security against the abuse of this law.
2. If we were now satisfied, that the respondent was not entitled to prosecute his writ of error under the pauper law, still we must hold that the bond filed on the 8th of June, 1850, is sufficient to retain the cause in Court. This Court has uniformly held that where an insufficient bond for appeal, or writ of error, has been taken, it may be amended and the proper bond given. The pauper oath is substituted in the place of a bond and security, and when untrue, or defective, may be amended, or supplied, as in the case of an insufficient bond.
The motion must be discharged.